Prob12B
D/NV Form
Rev. June 2014

# United States District Court
## for
## the District of Nevada

**REQUEST FOR MODIFICATION**
**TO CONDITIONS OF SUPERVISION WITH CONSENT OF OFFENDER**
*Probation Form 49 (Waiver of Hearing) is Attached*
**July 7, 2016**

Name of Offender: **Mariusz Hernik**

Case Number: **2:15-00480M**

Name of Sentencing Judicial Officer: **Honorable Peggy A. Leen**

Date of Original Sentence: **October 28, 2015**

Original Offense: **Refusal to Submit to a Chemical Test**

Original Sentence: **48 Months probation**

Date Supervision Commenced: **October 28, 2015**

## PETITIONING THE COURT

☒ To modify the conditions of supervision as follows:

1. **No Contact Condition** - The defendant shall have no contact, directly or indirectly, associate with, or knowingly be within 500 feet of Kimberly Paulsen, her residence, business, or place of employment. Furthermore, if confronted by Kimberly Paulsen in a public place, the defendant shall immediately remove himself/herself from the area.

## CAUSE

On October 28, 2015, Mariusz Hernik was sentenced in this district to 48 months' probation for committing the offense of Refusal to Submit to a Chemical Test. On that same date, Hernik commenced his term of probation in the District of Nevada.

On December 12, 2015, this officer received information that Hernik was arrested on a warrant for the charges of Domestic Battery and Domestic Battery by Strangulation by Las Vegas

RE: Mariusz Hernik

Prob12B
D/NV Form
Rev. June 2014

Metropolitan Police Department (LVMPD). A criminal complaint was received from Justice Court stating Hernik committed the crime of Battery Domestic Violence against his ex-girlfriend Kimberly Paulsen by grabbing and squeezing her neck on October 31, 2015. Hernik was released on December 19, 2015, and immediately reported the matter to the probation officer.

Hernik also provided pictures and documentation to this officer that detailed he also had scratches and marks on his face when that incident occurred. Hernik also provided a long history of saved text messages and voicemails from Ms. Paulsen that showed she continued to harass Hernik and send him naked pictures of herself after the arrest and also kept telling him to come over so they could continue to be with each other. Hernik also showed text messages that Ms. Paulsen sent stating that they had rough consensual sex and she was sorry that she lied to the police about him strangling her but if he decided to be with her again she would drop the charges. Ms. Paulsen also stated in her text messages that she planned to get him in trouble with probation by contacting this officer and provide false information about him using drugs. Although Hernik was advised by probation to disassociate himself from Ms. Paulsen it is clear that they were still in contact even after he was arrested then released on this charge.

It should be noted that Hernik is currently on code a phone drug testing and all drug tests have been negative. Hernik appeared for a preliminary hearing on March 22, 2016, and the matter was scheduled for another hearing. Ms. Paulsen failed to show up for the last hearing and the matter was rescheduled. At this time, the matter is still not resolved and is pending trial in September of 2016. If Hernik is convicted of this charge, this officer will immediately update the Court to request an appropriate sanction at that time.

Upon further investigation, this officer found that Ms. Paulsen was also on state probation and her officer was contacted and made aware of the situation. The state probation officer revealed that Ms. Paulsen had stopped reporting to probation and an absconder warrant was submitted to the Court for execution. It is unclear at this time whether or not Ms. Paulsen has been picked up on this bench warrant.

It is apparent that continued contact with Ms. Paulsen will only lead to additional negative issues for Hernik. In response to this, this officer respectfully requests that Hernik's probation conditions be modified to include a no contact condition with Kimberly Paulsen for the remainder of his probation term. Hernik has agreed to this modification and signed the waiver of hearing form which is attached for Your Honor's review.

This officer has had numerous conversations with Hernik regarding his dynamic risk factors which include; education/employment, cognitions, and social networks. Hernik and this officer have also discussed how social networks and negative associations expose him to criminal influences and/or reinforce anti-social attitudes and beliefs that can lead him to recidivating. The probation office will continue to address all these issues with the offender in hopes that he will disassociate himself from all negative peers and focus on surrounding himself with more positive pro-social network.

RE: Mariusz Hernik

Prob12B
D/NV Form
Rev. June 2014

Respectfully submitted,

Donnette L. Johnson
2016.07.07 20:02:08
-07'00'

Donnette Johnson
United States Probation Officer

Approved:

Benjamin Johnson
2016.07.07 19:11:29
-07'00'

Benjamin B. Johnson
Supervisory United States Probation Officer

## THE COURT ORDERS

☐ No Action.

☐ The extension of supervision as noted above.

☐ The modification of conditions as noted above

☑ Other (please include Judicial Officer instructions below):
Please explain why the attached waiver is dated 1/8/16
--------------------------------------------------------------------------------
with this request for modification.
--------------------------------------------------------------------------------

--------------------------------------------------------------------------------

Signature of Judicial Officer

Dated: July 14, 2016

PROB 49
(3/89)

# UNITED STATES DISTRICT COURT

## District of Nevada

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

      I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended.  By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel.  I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

      I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel.  I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

**<u>No Contact Condition</u> - The defendant shall have no contact, directly or indirectly, associate with, or knowingly be within 500 feet of Kimberly Paulsen, her residence, business, or place of employment.  Furthermore, if confronted by \*\*\* in a public place, the defendant shall immediately remove himself/herself from the area.**

Witness _____  Signed _____
       U.S. Probation Officer                                  Probationer or Supervised Releasee

_____1/8/16_____
Date